IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRANDI M. HORNER,
Administrator of the Estate of William J. Horner, deceased,

Plaintiff,

v.  Civil Action No. 3:10cv597

PHARMACISTS MUTUAL INSURANCE CO., et al.,

Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation on Defendant Pharmacists Mutual Insurance Co.'s ("Pharmacists Mutual") Motion to Dismiss Pursuant to Rule 12(b)(6) and (7) ("Motion to Dismiss"). (Docket No. 5.) Plaintiff Brandi M. Horner has filed a response. (Docket No. 10.) On December 13, 2010, the Court heard oral arguments. The matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1332.[1] For the following reasons, the undersigned Magistrate Judge RECOMMENDS that the Court DENY Pharmacists Mutual's Motion to Dismiss. (Docket No. 5.)

### I. Factual and Procedural History

On August 23, 2010, Horner, administrator of the estate of William J. Horner ("the deceased"), filed a complaint against Pharmacists Mutual and Metropolitan Casualty Insurance Co. ("Metropolitan Casualty"). (Docket No. 1). Horner seeks a declaration, pursuant to 28

---

[1] The amount in controversy exceeds $75,000, and diversity of citizenship exists. 28 U.S.C. § 1332.

U.S.C. § 2201,[2] that Pharmacists Mutual and Metropolitan Casualty "must indemnify [Cassandra] Carlson under liability coverage in connection with" a July 30, 2008 vehicle accident in which Carlson allegedly struck and killed the deceased. (Compl. ¶¶ 1, 13-15.) The Complaint alleges that Carlson was operating a vehicle owned by her employer, American Homecare, Inc. ("American Homecare"), when the collision occurred.

At the time of the accident, Pharmacists Mutual insured American Homecare through a primary business auto policy and an umbrella policy. At the same time, Metropolitan Casualty insured Carlson through a primary policy. The Pharmacists Mutual and Metropolitan Casualty insurance policies at issue were delivered in Virginia and are thus subject to section 38.2-2204 of the Virginia Code, requiring that insurance policies provide coverage to the insured as well as to those with express or implied permission to use a covered vehicle. Both Pharmacists Mutual and Metropolitan Casualty refuse to indemnify Carlson, arguing that Carlson did not have permission from American Homecare to use the car.

On September 9, 2010, Pharmacists Mutual filed its Motion to Dismiss.[3] Pharmacists Mutual first argues that the Court should decline to exercise jurisdiction under the Declaratory

---

[2] This statute provides in relevant part:

In a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

[3] Metropolitan Casualty did not join in Pharmacists Mutual's Motion to Dismiss.

2

Judgment Act.[4] Second, Pharmacists Mutual asks this Court to dismiss Horner's Complaint for failure to name all interested, necessary, and indispensable parties. Specifically, Pharmacists Mutual contends that American Homecare, Carlson, and Progressive Insurance Co. ("Progressive")[5] are all necessary parties.

The parties have since submitted a Proposed Agreed Order, in which they agreed that Carlson should be added as a party-plaintiff and Progressive should be added as a party-defendant.[6] On December 14, 2010, the Court entered the Agreed Order and ordered that Carlson be added as a plaintiff and Progressive be added as a defendant pursuant to Federal Rule of Civil Procedure 19(a)(2).[7] (Docket No. 20.)

Thus, the Court need only decide two issues: (1) whether the exercise of jurisdiction under the Declaratory Judgment Act is proper in this case and, (2) whether American Homecare is a necessary and indispensable party.

---

[4] 28 U.S.C. § 2201.

[5] Progressive insured the deceased's vehicle at the time of the accident, and the insurance policy allegedly included uninsured or under-insured coverage.

[6] The parties agree that joinder of Carlson as a plaintiff and Progressive as a defendant does not ruin diversity.

[7] This rule states: "If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2).

## II. Analysis

### A. The Exercise of Jurisdiction under the Declaratory Judgment Act is Proper in this Case

The Declaratory Judgment Act provides that a district court, in a case or controversy otherwise within its jurisdiction, "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "It has long been settled that a federal court has some measure of discretion to decline to entertain a declaratory judgment action that is otherwise properly within its jurisdiction." *Nautilus Ins. Co. v. Winchester Homes*, 15 F.3d 371, 375 (4th Cir. 1994), *overruled on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). The Court may not, however, "refuse to entertain a declaratory judgment action out of 'whim or personal disinclination,' but may do so only for 'good reason.'" *Id.* (*quoting Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)).

Normally, an action pursuant to 18 U.S.C. § 2201 should be entertained if the Court determines "that the declaratory relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* (internal quotations omitted); *see also Am. Motorists Ins. Co. v. Commonwealth Med. Liab. Ins. Co.*, 306 F. Supp. 2d 576, 579 (E.D. Va. 2004) (*quoting Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998)). The United States Court of Appeals for the Fourth Circuit has "frequently approved the use of federal declaratory judgment actions to resolve disputes over liability insurance

coverage, even in advance of a judgment against the insured on the underlying claim for which coverage is sought." *Nautilus Ins. Co.*, 15 F.3d at 375-76.

Here, Horner seeks a declaration that Pharmacists Mutual and Metropolitan Casualty must indemnify Carlson under liability coverage. The Court finds that the declaratory relief sought by Horner will serve a useful purpose in clarifying the legal relations between Carlson and the insurance companies and will afford Horner and Carlson relief from uncertainty, insecurity, and controversy regarding the issue of indemnification. Based on this analysis, the Court should not decline to exercise jurisdiction over Horner's declaratory judgment action. However, the analysis does not end here.

When a declaratory judgment action on coverage issues is filed while related underlying litigation exists in state courts, "considerations of federalism, efficiency, and comity should also figure into the discretionary balance, and may, in certain circumstances, require the federal court to refuse to entertain the action, even when the declaratory relief sought would serve a useful purpose." *Nautilus Ins. Co.*, 15 F.3d at 376. If a parallel state action is pending, the Court must analyze four factors when determining whether to proceed with a federal declaratory judgment action:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal courts; and (4) whether the federal action is mere procedural fencing, in the sense that the action is merely the product of forum-shopping.

*Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (internal quotations omitted).

Here, Horner has filed a related wrongful death action against Carlson in the Circuit Court of Henrico County. American Homecare, Pharmacists Mutual, and Metropolitan Casualty are not parties to the underlying litigation, and Horner has not filed any other state actions. After analyzing this case in light of the four factors, this Court finds that the exercise of federal jurisdiction pursuant to the Declaratory Judgment Act is proper.

First, the Court finds that no significant state interest exists in having the particular issues raised in this action decided in state courts. In this declaratory judgment action, the Court must apply Virginia law in determining whether Horner was a permissive user of the vehicle. While Virginia courts have an interest in resolving this issue, that interest is "'not particularly significant' where any state law issues are standard and 'unlikely to break new ground.'" *Coffey*, 368 F.3d at 414 (*quoting United Capital Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998)). Here, the Court cannot find that application of Virginia law is difficult or unsettled.[8]

Second, the Court cannot conclude that a Virginia state court can more efficiently resolve the issues raised in this action. This declaratory judgment action addresses issues not raised in the underlying wrongful death state court action. The issue as to whether the insurance companies have a duty to indemnify Carlson are separate and independent from the question of Carlson's liability in a wrongful death action. *See Nautilus Ins. Co.*, 15 F.3d at 378-79. Further, Pharmacists Mutual and Metropolitan Casualty are not parties in the underlying state suit, so

---

[8] Pharmacists Mutual conceded at the September 13, 2010 hearing that Virginia law on permissive use was not unsettled or complex, but suggested that applying Virginia law to the facts of the case could be complicated. Nevertheless, Pharmacists Mutual has failed to show how the facts of this case might "'break new ground'" and give Virginia courts a significant interest in hearing this particular case. *Coffey*, 368 F.3d at 414 (*quoting Kapiloff*, 155 F.3d at 494).

Horner would have to bring a new action in state court to determine the issue of indemnification. Yet another suit certainly would not result in an efficient use of court resources. *See NGM Ins. Co. v. Evans*, 642 F. Supp. 2d 511, 516 (W.D.N.C. 2009).

As to the third factor, the Court finds that permitting this federal action to continue would not result in an unnecessary entanglement between federal and state courts. This Court can resolve the coverage issue raised in this action without "preempting critical factual findings that the state court will have to make in resolving" Horner's wrongful death action. *Coffey*, 368 F.3d at 413; *Evans*, 642 F. Supp. 2d at 517 (finding no unnecessary entanglement where the underlying state action was a wrongful death claim whereas the declaratory judgment action was a "matter of contract interpretation regarding insurance policy provisions").

Finally, no evidence suggests that Horner uses this federal action as a device for procedural fencing, because the issues raised in the federal action are not before the state court. *Nautilus Ins. Co.*, 15 F.3d at 380. Based on the foregoing analysis, the Court finds that it should not abstain from entertaining the claims raised in Horner's declaratory judgment action.

### B.  American Homecare is Not a Necessary or Indispensable Party

#### 1.  Standard of Review

Rule 12(b)(7) allows a court to dismiss a claim for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 establishes separate tests for determining whether a party is "necessary" and whether a party is "indispensable," meaning that courts must engage in a two-step inquiry. *Owens-Ill., Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). First, the Court must determine "'whether a party is necessary to a proceeding because of its relationship to the matter under consideration' pursuant to Rule 19(a)." *Id. (quoting Teamsters Local Union No. 171 v.*

*Keal Driveway Co.*, 173 F.3d 915, 917-18 (4th Cir. 1999)). Once the Court determines that a party is necessary, the Court must order joinder. *Id.*

If a party cannot be joined because its joinder destroys diversity jurisdiction, the Court must determine whether the party is indispensable under Rule 19(b) such that the proceeding cannot continue in its absence, meaning that the action must be dismissed.[9] *Id.* Under Rule 19, the Court "must examine the facts of the particular controversy to determine the potential for prejudice to all parties, including those not before it." *Keal Driveway Co.*, 173 F.3d at 918. However, "[c]ourts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Meade*, 186 F.3d at 441; *see Keal Driveway Co.*, 173 F.3d at 918. Importantly, the party asserting the Rule 12(b)(7) defense bears the burden of showing that a person not joined is necessary and indispensable. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

### 2. Application of Rule 19(a): Necessary Party

To begin the analysis of joinder, the Court must first consider whether American Homecare constitutes a necessary party. Rule 19(a) sets forth two situations when a party should be joined as a necessary party: (1) if "in that person's absence, the court cannot accord complete relief among existing parties;" and (2) if the person's absence would "impair or impede the

---

[9] Both parties agreed, as does this Court, that joining American Homecare, a Virginia corporation, as a defendant would deprive the Court of subject matter jurisdiction.
At the December 13, 2010 hearing, Pharmacists Mutual suggested adding American Homecare as a plaintiff so that its joinder would not ruin diversity. Horner expressed a limited endorsement of this option: it would agree to this "weird" circumstance only if the Court otherwise found American Homecare to be a necessary party and indispensable party. However, the Court need not reach this issue.

8

person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1).[10]

### a. Complete Relief Among Existing Parties

American Homecare's absence would not inhibit the Court's ability to accord complete relief among existing parties. Horner seeks a declaration that Pharmacists Mutual has a duty to indemnify Carlson, which requires a determination that Carlson was a permissive user of American Homecare's vehicle. Even if American Homecare is not a party to the action, the parties have access or can gain access to the insurance policies and the employment policies and procedures at issue. Although American Homecare is the insured, its absence does not preclude the Court from awarding complete relief to those who are already parties. *See Hill v. Liberty Mut. Ins. Co.*, 453 F. Supp. 1342, 1344 (E.D. Va. 1978).

---

[10] Rule 19(a)(1) provides in full:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
    (A)    in that person's absence, the court cannot accord complete relief among existing parties; or
    (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
        (i)    as a practical matter impair or impede the person's ability to protect the interest; or
        (ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

### b. American Homecare's Interests

While American Homecare clearly has some interest relating to the subject of the declaratory judgment action, Pharmacists Mutual has not carried its burden in showing that American Homecare's interest rises to that of a necessary party under Rule 19(a)(1)(B). Pharmacists Mutual contends that American Homecare has an interest in this action because it owns the vehicle involved in the accident, it contracted with Pharmacists Mutual, and its employment policies and procedures are at issue. Pharmacists Mutual also argues that American Homecare has an interest in this action "because its policy is being contested and any decision on coverage may affect its insurance rates." (Def.'s Br. Supp. Mot. Dismiss 2.) However, the Court finds that, as a practical matter, American Homecare's interests are "protected by the presence of [its] insurance company as a defendant." *See Hill*, 453 F. Supp. at 1344. Moreover, any concern about insurance rates cannot drive this Court's analysis.

The gravamen of Pharmacists Mutual's complaint about American Homecare's absence stems from its contention that multiple or inconsistent obligations might result if American Homecare sought to re-litigate the issue of indemnification in a subsequent state court action.[11]

---

[11] Citing *Erie Insurance Group v. Hughes*, 393 S.E.2d 210 (Va. 1990), Pharmacists Mutual contends that a Virginia court might find that American Homecare is not bound by this federal decision if it is not made a party to this action. However, in *Hughes*, the Supreme Court of Virginia determined that the Virginia trial court lacked subject matter jurisdiction over an insurance liability dispute because the driver and the owner of the second vehicle involved in the accident were not joined as parties. *Id.* at 211-12. In the absence of the driver and the owner of the second vehicle, the court found that "no justiciable controversy within the definition of [Virginia's] declaratory judgment statutes" existed because the absence of these necessary parties made the outcome insufficiently conclusive as to those parties. *Id.* at 212.

Essentially, Pharmacists Mutual worries that, should this Court reach a decision that American Homecare disfavors, American Homecare could cite *Hughes* in subsequent Virginia state litigation to challenge this Court's unfavorable determination, thereby creating a substantial risk of multiple or inconsistent obligations. The Court finds this argument unpersuasive.

This conclusory argument cannot sustain a showing that American Homecare is a necessary party. *See Wood*, 429 F.3d at 92. To the extent they carry weight, Pharmacists Mutual's concerns merely speak of the *possibility* of incurring inconsistent or multiple obligations, and they do not rise to the level of showing a *substantial risk* of incurring inconsistent or multiple obligations, which Rule 19(a)(1) requires. Pharmacists Mutual has not met its burden of proving that American Homecare is a necessary party. Because the Court finds that American Homecare is not a necessary party in this action, American Homecare is "a fortiori not an indispensable party under Rule 19(b)." *Hill*, 453 F. Supp. at 1345.

### III. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that the Court find that the exercise of jurisdiction under the Declaratory Judgment Act is proper in this action and that American Homecare is not a necessary or indispensable party under Rule 19. Accordingly, the undersigned RECOMMENDS that the Court DENY Pharmacists Mutual's Motion to Dismiss. (Docket No. 5.)

The parties are ADVISED that they may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Each objection should be labeled with the corresponding heading from the Report and Recommendation, should be numbered, and should identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to file specific objections to the Report and Recommendation in a

---

*Hughes* lacks any discussion of issue or claim preclusion, it involves no determination by a federal court, it evaluated Virginia declaratory judgment statutes and not the federal Declaratory Judgment Act, and this Court has before it the parties involved in the accident at issue. This Court cannot find that Pharmacists Mutual's attenuated concern regarding subsequent litigation rises to anything near the substantial risk required by Rule 19(a)(1).

11

timely manner may preclude further review or appeal from such order. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

Let the Clerk send copies of this Report and Recommendation to counsel of record and the Honorable Richard L. Williams.

It is so ORDERED.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 12-17-10